No. 40,205

MARSHALL F. ROGERS, ALICE R. ROGERS and ETHEL R. COOPER, *Appellees*, v. BERNARD H. OSTMEYER, *Appellant*.

(302 P. 2d 999)

Opinion filed November 3, 1956.

*Ray C. Sloan*, of Hoxie, was on the briefs for the appellant.

*Alex M. Fromme*, of Hoxie, argued the cause, and *Joseph W. Fromme*, of Hoxie, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This case grows out of a dispute over rights to the 1955 crop of alfalfa on thirty-five acres owned by plaintiffs.

The action was one to enjoin defendant from harvesting the crop, and he has appealed from an adverse judgment.

Plaintiffs are the owners of a 320-acre farm consisting of improvements, pasture, cultivated land and the thirty-five acres in question. Defendant rented the entire farm, under a written lease, from Au-

gust 1, 1950, to August 1, 1951. In the latter part of July, 1951, plaintiffs entered into an informal oral agreement or lease with defendant for an additional five years upon substantially the same terms as contained in the written lease. It was agreed and understood that defendant could plant alfalfa on a portion of the land, and that if he did so he would be entitled to at least two years' crop therefrom even though the lease was terminated in the meantime. Defendant continued to live on the farm and in possession of the entire 320 acres until the spring of 1953, at which time, apparently by mutual agreement, he voluntarily moved to another farm. One of the plaintiff owners thereupon moved onto the farm. During the years defendant lived on the farm he harvested the crops, pastured his cattle, paid the required rentals, and there is no dispute between the parties on any matter other than the rights to the 1955 crop of alfalfa on the thirty-five acres planted by defendant. There is no question but that he was permitted to and did harvest the alfalfa in 1953 and 1954, which, under plaintiffs' theory, and as found by the trial court, fulfilled the understanding and agreement between the parties.

Defendant complains of the trial court's findings and conclusions; contends the case was tried on an erroneous theory; that the judgment is contrary to the evidence, and that his motion for a new trial was erroneously overruled. In general, however, we understand the main thread of his argument to be that the rights of the parties to the alfalfa crop were governed by a separate and distinct contract; that his moving from the farm in the spring of 1953 did not affect rights to the alfalfa; that as to it he occupied the status of a tenant from year to year, and that in order to be divested of such rights he was entitled to the statutory notice to quit, which he did not receive.

In our opinion defendant's contentions cannot be sustained.

From the evidence it is clear that the entire 320 acres were considered and leased as a unit. It is true that the agreement "protected" defendant with respect to the alfalfa by providing that he was entitled to two years' crop if, in the meantime, the lease was terminated. As heretofore related, the lease was terminated by mutual agreement of the parties when, in the spring of 1953, defendant moved off. Statutory notice to quit the premises was therefore unnecessary. Defendant harvested the alfalfa in 1953 and 1954, as he had a right to do under the agreement. There is nothing in the record to substantiate his contention that there was a sep-

arate and distinct lease as to that portion planted to alfalfa, other than that he was guaranteed the crop for two years. He received those two crops and his claim to the 1955 crop is without merit.

We find no error in the record and the judgment is affirmed.